UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFONZO NEWELL,

               Plaintiff,                           Case No.  23-cv-11712
                                                        Hon. Matthew F. Leitman

v.

R.N. BRANCH, *et al*.,

               Defendants.

_____/

## <u>ORDER OF PARTIAL SUMMARY DISMISSAL</u>

Plaintiff Alfonzo Newell is a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC").  Newell says that on May 23, 2020, while he was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, he witnessed another inmate being attacked by two other inmates.  Newell says that when he tried to break up the fight, he was attacked by a third inmate and was forced to defend himself.  A short time later, a correctional officer tasered Newell in the head and shoulder.  Newell says that the tasing caused him to suffer serious injuries and that he was not provided appropriate medical care for those injuries.

On July 18, 2023, Newell filed this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  Newell alleges that Defendants R.N. Branch, Correctional Officer Sotherland, R.N. Lori A. Coleman, Amie Ramirez, and Warden Robert Vashaw violated his Eighth and Fourteenth Amendment rights.

More specifically, he brings claims against the Defendants in their official and individual capacities for excessive force and deliberate indifference to his serious medical needs.  Newell also brings a state-law personal injury claim against the Defendants.

The Court has conducted a preliminary screening of Newell's Complaint, and for the reasons explained below, the Court dismisses certain of Newell's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity.

## I

On August 8, 2023, the Court granted Newell *in forma pauperis* status in this action. (*See* Order, ECF No. 5.)  Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

A *pro se* civil-rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that even a *pro se* complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Id.*  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil-rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

**II**

First, Newell's claims against Defendant Warden Vashaw must be dismissed. It is well-settled that a civil-rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (explaining that Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same). *See also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995) (explaining that plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Moreover, basic pleading requirements require a plaintiff to attribute particular factual allegations to specific defendants. *See Twombly*, 550 U.S. at 555 (holding that, to state a plausible claim for relief, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). *See also* Fed. R. Civ. P. 8(a).

Here, Newell alleges that on July 7, 2020, Vashaw denied a grievance Newell had filed arising out of the injuries he sustained. (*See* Compl., ECF No. 1, PageID.7.) But a plaintiff may not maintain a claim against a defendant based solely on his involvement in the prison grievance process. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (affirming dismissal of claims against defendants where plaintiff's "only allegations" against those defendants "involve[d] their denial of his

administrative grievances and their failure to remedy the alleged retaliatory behavior"); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2003) (holding that a plaintiff "may not base his claim against the individual defendants upon their denial of his administrative grievances. Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance"). Thus, Newell has not stated a viable claim against Warden Vashaw. The Court will therefore **DISMISS** Warden Vashaw as a Defendant in this action.

Second, to the extent that Newell brings claims against MDOC employees in their official capacities, the Defendants are entitled to immunity from those claims. The Eleventh Amendment to the United States Constitution bars civil-rights actions (except claims for prospective injunctive relief) against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also applies to State employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Here, the State of Michigan has not consented to being sued in civil rights actions in the federal courts, *see Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545

5

(6th Cir. 2004) (citing *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).  Thus, Newell's claims for monetary damages and non-prospective injunctive relief against any MDOC employee in his or her official capacity must be dismissed.

Finally, the Court concludes that Newell's claims against R.N. Branch, Correctional Officer Sotherland, R.N. Lori A. Coleman, and Amie Ramirez, for excessive force, deliberate indifference to a serious medical need, and state-law personal injury are not subject to summary dismissal.

### III

For the reasons stated above, the Court **DISMISSES** Defendant Warden Robert Vashaw from this action because Newell no longer has any valid pending claims for relief against Warden Vashaw.

The Court further concludes that Newell's claims against R.N. Branch, Correctional Officer Sotherland, R.N. Lori A. Coleman, and Amie Ramirez, for excessive force, deliberate indifference to a serious medical need, and state-law personal injury survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

6

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 14, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126